```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


COCHON DE LAIT, LTD.                         CIVIL ACTION


VERSUS                                       NO. 07-7455


THE HARTFORD STEAM BOILER                    SECTION "F"
INSPECTION & INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

Background

Cochon De Lait, Ltd.'s restaurant equipment located in Metairie was damaged as a result of Hurricane Katrina. On November 20, 2005, Cochon submitted repair invoices and financial statements to its insurer, Hartford Steam Boiler Inspection & Insurance Company, estimating $197,984 in covered losses. The plaintiff submitted a revised estimate on December 7, 2005 for $207,013. Hartford denied the claim and the plaintiff filed this lawsuit in

1

state court on August 27, 2007, seeking relief "in an amount greater than $10,000" and penalties and attorneys' fees under La. Rev. Stat. §§ 22:658 and 22:1220. The defendant removed the case under 28 U.S.C. § 1332 and the plaintiff now moves for remand, asserting that the amount in controversy is less than $75,000.

I.

When a complaint does not allege a specific amount in damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy is at least $75,000. See St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). A defendant may do so by showing that it is "facially apparent" on the complaint that the claim exceeds the jurisdictional amount, or by producing "summary judgement-type" evidence that supports the allegation that the requisite amount in controversy is met. St. Paul Reinsurance, 134 F.3d at 1253. Jurisdiction is fixed at the time of removal and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995). The Fifth Circuit has suggested that this burden may be satisfied by demonstrating that state law prevents recovery in excess of $75,000 or that the plaintiff is

2

somehow "bound irrevocably" to an amount under the federal jurisdiction limit. Id. at 1412.

II.

Consistent with Louisiana law, the plaintiff's petition for damages does not state a claim for a specific amount of damages. Prior to filing the lawsuit, however, the plaintiff submitted invoices and loss estimates to Hartford supporting a claim for approximately $200,000. During discovery that took place five months after the case was removed, the plaintiff referred to these invoices and estimates in response to Hartford's request for a list of damages. The plaintiff also asserts claims for statutory penalties under La. Rev. Stat. §§ 22:658 and 22:1220.[1]

The plaintiff urges the Court to disregard the 2005 invoices and loss estimates because the plaintiff has since been "reimburs[ed] for some, but not all, of its approved damages under another insurance policy. . . leaving less than $75,000 as the balance that it claims to be owned by Defendant." But the plaintiff provides no information indicating whether this alleged reimbursement took place before or after the lawsuit was filed. See

---

[1] Penalties under these statutes are considered in determining whether the amount in controversy requirement is satisified. See Wicker v. American Sec. Ins. Co., 2008 WL 508910 *2 (E.D. La. 2008); Poynot v. Hicks, 2002 WL 31040174 *3 (E.D. La. 2002).

3

Knope v. Autozone, Inc., 2003 WL 966424 *1 (E.D. La. 2003) ("[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction.") (quoting Poore v. American-Amicable Life Insurance Company of Texas, 218 F.3d 1287, 1291 (11th Cir. 2000). Nor does the plaintiff's March 28, 2008 affidavit establish to a legal certainly that the amount in controversy was less than $75,000 at the time of removal. In Louisiana, a plaintiff wishing to prevent removal must affirmatively renounce the right to accept a judgment in excess of $75,000 in its state court pleadings or a stipulation filed with the complaint.[2] See La. Code Civ. Proc. art. 862; Davis v. State Farm Fire & Cas., 2006 WL 1581272 *3 (E.D. La. 2006). Cochon did not do so, and the March 28, 2008 affidavit does not otherwise bind the plaintiff irrevocably to a judgment less than the jurisdictional limit. See De Aguilar, 47 F.3d at 412. In fact, after the case was removed, Cochon twice urged the defendant to jointly stipulate that, although the amount in controversy is less than $75,000, "in the future, as this case progresses, if the Plaintiff concludes that the aggregated monetary damages. . . are anticipated to exceed [$74,999.99], it is agreed that the Plaintiff will have the right to withdraw this Stipulation."

---

[2] If, indeed, plaintiff seriously submits that less than $75,000 is in dispute, this case will no doubt settle rather soon.

The Court finds that the defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, and the plaintiff has failed to establish to a legal certainty that the claims are for less than $75,000.

Accordingly, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, April 23, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT COURT